**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v. CRIMINAL ACTION NO. 2:26-cr-00051-6

TERRYONTO LOVELL MCGRIER,

Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Terryonto Lovell McGrier's Motion to Dismiss Count Two of the Indictment* (Document 138, sealed) and the *United States' Sealed Response to Defendant McGrier's Motion to Dismiss Count Two of the Indictment* (Document 156, sealed).

The Defendant, Terryonto Lovell McGrier, is charged in Counts Two and Three of a *Superseding Indictment* (Document 127) returned on July 21, 2026. Count Two charges Mr. McGrier and a co-Defendant with conspiracy to distribute quantities of cocaine base in violation of 21 U.S.C. § 846. The conspiracy is alleged to have occurred between March 2026 and April 2026. Count Three charges Mr. McGrier with distributing a quantity of cocaine base on or about March 25, 2026, in violation of 21 U.S.C. § 841(a)(1).

Mr. McGrier argues that Count Two fails as a matter of law because the only co-conspirator was a government informant. He contends that discovery produced by the United States includes evidence of a controlled buy between Mr. McGrier and an alleged co-conspirator, and no evidence of any other co-conspirator.

The United States argues that the Superseding Indictment is legally sufficient and no legal authority permits a defendant to challenge an indictment based on discovery materials and anticipated evidence. The United States further notes that "[w]hile defendant cannot conspire with a government informant, he can certainly conspire with such an individual before they become an informant." (Resp. at 3.)

Federal Rule of Criminal Procedure 12 requires pretrial motions on certain matters "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). Those motions include assertions of a defect in instituting the prosecution, a defect in the indictment, suppression, severance, and discovery requests. *Id.* A pre-trial motion to dismiss is "a challenge to the sufficiency of the indictment, which is ordinarily limited to the allegations contained in the indictment." *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012). Facts and evidence are to be developed and presented at trial, and a trial court cannot evaluate the evidence to make a ruling on its sufficiency before trial. *Id.*

The Superseding Indictment properly alleges the elements of the offense charged in Count Two. Whether the United States can ultimately prove that a conspiracy existed is an issue for trial. Therefore, upon careful consideration, the Court **ORDERS** that *Defendant Terryonto Lovell McGrier's Motion to Dismiss Count Two of the Indictment* (Document 138, sealed) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: August 17, 2026

Irene C. Berger

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA