**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v. CRIMINAL ACTION NO. 2:26-cr-00051-6

TERRYONTO LOVELL MCGRIER,

Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed a document, submitted pro se, entitled *Motion to Recuse Counsel* (Document 193 & 205), wherein Mr. McGrier requests to act as co-counsel, to the extent the Court can discern the precise relief requested. He indicates that he would like access to discovery materials and wishes to file motions in addition to those filed by his attorney. Although he states that he believes his counsel's representation fell below objective standards of reasonableness due to her failure to provide him with discovery materials,[1] he indicates elsewhere that there is no rift between him and his attorney and he does not seek to represent himself. At the request of the Defendant's counsel, the Court held a hearing to address the issues regarding counsel on September 2, 2026.

---

1 In a previous filing, Mr. McGrier acknowledged meetings with his counsel at the jail during which his counsel went over some discovery materials with him, although he was not permitted to retain the material. (Document 147). Magistrate Judge Aboulhosn also held a hearing on August 5, 2026, to address discovery matters. Mr. McGrier's attorney represented that she had provided discovery that is not subject to the protective order to Mr. McGrier, and went over the discovery with him that is subject to the protective order.

During the hearing, Mr. McGrier's counsel indicated that she believed conflict had arisen based on Mr. McGrier's statements that she was in violation of certain ethical rules, as well as ongoing disputes regarding strategy, exemplified by his filing of a *Motion to Dismiss Superseding Indictment and/or Suppress Evidence* (Document 215), submitted pro se, despite her advice that the issues raised therein could more appropriately be addressed at trial via cross-examination. Mr. McGrier expressed a lack of faith in his counsel's advice, explained that he continued to believe some evidence should be suppressed, indicated that he would like to be able to file motions while being represented by counsel, and requested that new counsel be appointed. The Court noted that he had a right to represent himself but strongly advised against it given the complexity of federal criminal litigation. The Court ruled on the record that Mr. McGrier's counsel would be relieved of further representation, and new counsel would be appointed.

A defendant's waiver of the right to counsel must be "(1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." *United States v. Bush*, 404 F.3d 263, 271 (4th Cir. 2005). "In ambiguous situations created by a defendant's vacillation or manipulation, we must ascribe a 'constitutional primacy' to the right to counsel." *United States v. Frazier-El*, 204 F.3d 553, 559 (4th Cir. 2000) (finding denial of motion to proceed pro-se justified where defendant's motive was to present frivolous arguments). "The right [to self-representation] does not exist ... to be used as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process." *Id.* at 560 (internal punctuation and citations omitted). In addition, "[a]lthough a criminal defendant has both a right to counsel and a right to represent himself, those rights are mutually exclusive." *United States v. Beckton*, 740 F.3d 303, 307 (4th Cir. 2014). "[A] *pro se* defendant has no Sixth Amendment right to standby counsel or hybrid

representation, and district courts have broad discretion to decide how much assistance, if any, standby counsel may provide." *United States v. Hunt*, 99 F.4th 161, 184 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1890, 221 L. Ed. 2d 583 (2025).

Indigent defendants are entitled to effective representation, but "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). Courts must consider whether any conflict "resulted in a total lack of communication preventing an adequate defense," and whether "substitution would [] remedy the problem." *United States v. Smith*, 640 F.3d 580, 587–91 (4th Cir. 2011) (citations omitted).

Based on the record in this matter, reflecting long-standing conflict between Mr. McGrier and his counsel, the representations made during the hearing, and the Court's observation of Mr. McGrier and his counsel, the Court finds that the lawyer-client relationship is irretrievably broken. Although Mr. McGrier's counsel has provided effective representation, and the Court greatly appreciates her service on the CJA panel and in this case, the Court found that she should be permitted to withdraw based on the breakdown in communication with Mr. McGrier.[2] Thus, the Court **ORDERS** that Ms. Fox be relieved of any further duty to represent the Defendant in this matter. Mr. McGrier's pro-see filings and statements at the hearing do not reflect an unequivocal waiver of the right to counsel.[3] Therefore, the Court **ORDERS** that the Supervising CJA Panel Attorney reassign the case to another member of the CJA Panel. The Court further **ORDERS**

---

2 The Court would again caution Mr. McGrier that, should he have difficulty getting along with or accepting advice from his new attorney, it is unlikely that the Court could again find that substitution would remedy the conflict.

3 As the Court explained on the record, Mr. McGrier has the right to self-representation, and it is not the Court's intent to deny him the ability to represent himself should he choose to unequivocally waive the right to counsel. However, the Court would again advise him to work cooperatively with his new attorney.

that the pro se *Motion to Recuse Counsel* (Document 193 & 205) be **GRANTED** to the extent those motions seek the relief granted herein.

To the extent Mr. McGrier requests to engage in hybrid representation, the Court **ORDERS** that his request be **DENIED**, finding it likely to result in a multitude of frivolous filings, delay, and confusion for the jury. As Judge Aboulhosn previously explained, "[t]he Court need not consider *pro se* motions filed by a criminal defendant who is represented by counsel." (Document 154.) Thus, the Court **ORDERS** that the *Motion to Dismiss Superseding Indictment and/or Suppress Evidence* (Document 215), submitted pro se, be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Supervising CJA Panel Attorney, to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: September 2, 2026

Irene C. Berger

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA